UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION NO.: 04 10797 GAO

MARK ULIANO, )
    Plaintiff )
 )
v. )
 )
MARIE H. BISSEL and )
KENNETH J. TILDEN, )
    Defendants

## ANSWER, CROSS CLAIM AND JURY CLAIM OF THE DEFENDANT, KENNETH J. TILDEN

To the correspondingly numbered paragraphs of the plaintiff's complaint, the defendant, Kenneth J. Tilden, responds and makes answers as follows:

1. The defendant denies the allegations contained in paragraph one (1) of the complaint.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two (2) of the complaint.

3. The defendant admits the allegations contained in paragraph three (3) of the complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four (4) of the complaint.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five (5) of the complaint.

6. The defendant admits the allegations contained in paragraph six (6) of the complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven (7) of the complaint.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight (8) of the complaint.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine (9) of the complaint.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten (10) of the complaint.

11. The defendant denies the allegations contained in paragraph eleven (11) of the complaint.

12. The defendant denies the allegations contained in paragraph twelve (12) of the complaint.

## COUNT I

13. The defendant repeats and incorporates by reference his responses to paragraphs one (1) through twelve (12) as if fully set forth herein.

14. The defendant denies the allegations contained in paragraph fourteen (14) of the complaint.

15. The defendant denies the allegations contained in paragraph fifteen (15) of the complaint.

16. The defendant denies the allegations contained in paragraph sixteen (16) of the complaint.

17. The defendant denies the allegations contained in paragraph seventeen (17) of the complaint.

18. The defendant denies the allegations contained in paragraph eighteen (18) of the complaint.

## COUNT II

The allegations of Count II are directed to a co-defendant, Marie H. Bissel. Therefore, no responsive pleading is necessary thereto.

All remaining allegations of the plaintiff's complaint are denied.

## JURY CLAIM

The defendant requests a trial by jury.

## AFFIRMATIVE DEFENSES

FIRST DEFENSE

The court lacks jurisdiction over the person of this defendant.

SECOND DEFENSE

The Service of Process is insufficient.

THIRD DEFENSE

The complaint fails to state a claim against the defendant upon which relief can be granted.

FOURTH DEFENSE

If the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

FIFTH DEFENSE

Under all the circumstances alleged, the plaintiff was negligent, and such negligence was the cause of, or contributed to the happening of this accident.

SIXTH DEFENSE

Under all the circumstances alleged, the plaintiff was acting in violation of the law, and such conduct was the cause of, or contributed to the happening of this accident.

SEVENTH DEFENSE

The defendant states that said injuries were caused by the intervening and/or superseding acts of third persons for which the defendant is not liable.

EIGHTH DEFENSE

By virtue of the Massachusetts No-Fault Law, M.G.L. c.231, §6D, and all acts amendatory thereof, because they have failed to satisfy the conditions precedent required by the said No-Fault Law, the plaintiff is precluded from maintaining this action.

NINTH DEFENSE

By virtue of the Massachusetts No-Fault Law, M.G.L. c.90, §34(m), and all acts amendatory thereof, the defendant is exempt, either in whole or in part, from the tort liability alleged by the plaintiff.

## CROSS CLAIM AGAINST CO-DEFENDANT, MARIE H. BISSEL

The defendant/plaintiff in cross claim, Kenneth J. Tilden, demands contribution by the co-defendant/defendant in cross claim, Marie H. Bissel, for any and all damages for which the defendant/plaintiff in cross claim, Kenneth J. Tilden, may be found liable in this action.

The Defendant/Plaintiff in Cross Claim,
KENNETH J. TILDEN,

By his attorneys,

AVERY DOOLEY POST & AVERY, LLP

Robert P. Turner – BBO#504900
rturner@averydooley.com
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300

4

**CERTIFICATE OF SERVICE**

I, Robert P. Turner, Esquire, hereby certify that I have this 20th day of May, 2004, forwarded the within document to all counsel of record by delivering same first class mail, postage prepaid to:

David M. Cohen, Esquire
Stephen J. Delamere, Esquire
BIERHANS, DELAMERE & COHEN, LLLC
294 Pleasant Street, Suite 204
Stoughton, MA 02072

Marie H. Bissel
316 Sherman Street
Canton, MA 02021

_____
Robert P. Turner, Esquire
AVERY DOOLEY POST & AVERY, LLP
90 Concord Avenue
Belmont, MA 02478
BBO#504900
(617) 489-5300