UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERKS OFFICE

2004 JUN -4 A II: 22

U.S. DISTRICT COURT
DISTRICT OF MASS

| | | |
|---|---|---|
| MARK ULIANO,<br>    Plaintiff | ) | |
| | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | NO. 04 10797 GAO |
| MARIE H. BISSEL and | ) | |
| KENNETH J. TILDEN, | ) | |
|    Defendants | ) | |

## ANSWER & CLAIM OF JURY TRIAL OF DEFENDANT, MARIE H. BISSEL, TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1.  The defendant denies the allegations contained in Paragraph 1 of plaintiff's complaint.

### PARTIES

2.  The defendant admits the allegations contained in Paragraph 2 of plaintiff's complaint.

3.  The defendant admits the allegations contained in Paragraph 3 of plaintiff's complaint.

4.  The defendant denies the allegations contained in Paragraph 4 of plaintiff's complaint.

### JURISDICTION AND VENUE

5.  The defendant denies the allegations contained in Paragraph 5 of plaintiff's complaint.

6.  The defendant denies the allegations contained in Paragraph 6 of plaintiff's complaint and further states that 28 U.S.C. Section 1391 speaks for itself.

### FACTS

7.  The defendant admits the allegations contained in Paragraph 7 of plaintiff's complaint.

8.  The defendant denies the allegations contained in Paragraph 8 of plaintiff's complaint.

9.  The defendant denies the allegations contained in Paragraph 9 of plaintiff's complaint.

10. The defendant denies the allegations contained in Paragraph 10 of plaintiff's complaint.

11. The defendant denies the allegations contained in Paragraph 11 of plaintiff's complaint.

12. The defendant denies the allegations contained in Paragraph 12 of plaintiff's complaint.

## COUNT I

13. The defendant repeats her answers to the allegations contained in Paragraphs 1 through 12 of the plaintiff's complaint and incorporates them herein by reference.

14. The defendant denies the allegations contained in Paragraph 14 of plaintiff's complaint.

15-18. As Paragraphs 15 through 18 of the plaintiff's complaint do not contain allegations against the defendant, *Marie H. Bissel*, no answer is required. Insofar as said allegations sound in negligence against defendant, *Marie H. Bissel*, the defendant specifically denies said allegations.

## COUNT II

19. The defendant repeats her answers to the allegations contained in Paragraphs 1 through 18 of the plaintiff's complaint and incorporates them herein by reference.

20. The defendant denies the allegations contained in Paragraph 20 of plaintiff's complaint.

21. The defendant denies the allegations contained in Paragraph 21 of plaintiff's complaint.

22. The defendant denies the allegations contained in Paragraph 22 of plaintiff's complaint.

23. The defendant denies the allegations contained in Paragraph 23 of plaintiff's complaint.

24. The defendant denies the allegations contained in Paragraph 24 of plaintiff's complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

And further answering, the defendant says that the plaintiff's Complaint fails to set forth facts constituting a cause of action, and therefore the plaintiff cannot recover.

### SECOND DEFENSE

And further answering, the defendant says that the plaintiff's own negligence caused or contributed to the accident, injuries, and damages alleged, and therefore the plaintiff cannot recover.

### THIRD DEFENSE

And further answering, the defendant says that the plaintiff was more than 50 percent negligent in causing or contributing to the accident, injuries, and damages alleged, and therefore the plaintiff either cannot recover or any verdict or finding in the plaintiff's favor must be reduced by the percentage of negligence attributed to the said plaintiff.

## FOURTH DEFENSE

And further answering, the defendant says that the plaintiff assumed the risk of the accident, injuries, and damages alleged, and therefore the plaintiff cannot recover.

## FIFTH DEFENSE

And further answering, the defendant says that the plaintiff was in violation of the law at the time and place of the alleged accident, which violation of the law caused or contributed to the happening of said accident, and therefore the plaintiff cannot recover.

## SIXTH DEFENSE

And further answering, the defendant says that the plaintiff's alleged injuries, if any, were caused by persons other than the defendant, her agents, servants or employees, and the plaintiff's alleged injuries and damages, if any, were caused by persons for whose conduct the defendant is not responsible, and therefore the plaintiff cannot recover.

## SEVENTH DEFENSE

And further answering, the defendant says that the plaintiff's alleged injuries and damages, if any, do not come within one of the exceptions to the Massachusetts No-Fault Insurance Law, being Massachusetts General Laws, Chapter 231, Section 6D, and therefore the plaintiff is barred from bringing this action and cannot recover.

## EIGHTH DEFENSE

And further answering, the defendant says that the alleged cause of action referred to in the plaintiff's Complaint falls within the purview of Massachusetts General Laws, Chapter 90, Section 34(m), and therefore this action is brought in violation of the law and the plaintiff cannot recover.

## NINTH DEFENSE

And further answering, the defendant says that the plaintiff has not brought his action within the time required by Massachusetts Law regarding limitations of actions and therefore the plaintiff cannot recover.

## TENTH DEFENSE

And further answering, the defendant says that complete diversity of citizenship does not exist and, therefore, plaintiff's Complaint should be dismissed.

## ELEVENTH DEFENSE

And further answering, the defendant says that plaintiff's reasonably expected damage recovery does not exceed $75,000.00 and therefore the plaintiff's Complaint should be dismissed.

WHEREFORE, the defendant demands judgment against the plaintiff and further demands that said action be dismissed.

AND, FURTHER, the defendant claims a trial by jury on all the issues.

THE DEFENDANT,
MARIE H. BISSEL,
BY HIS ATTORNEY:

*James C. Crowley*

James C. Crowley, Esquire
**Fuller, Rosenberg, Palmer & Beliveau, LLP**
340 Main Street, Suite 817
Worcester, MA 01608
(508) 756-3671
BBO #562664

May 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the parties to this action be mailing a copy thereof, first class, postage prepaid to the following counsel of record:

David M. Cohen, Esquire
Stephen J. Delamere, Esquire
BIERHANS, DELAMERE & COHEN, LLLC
294 Pleasant Street, Suite 204
Stoughton, MA 02072

*James C. Crowley*

James C. Crowley, Esquire
**Fuller, Rosenberg, Palmer & Beliveau, LLP**
340 Main Street, Suite 817
Worcester, MA 01608
(508) 756-3671
BBO #562664

May 26, 2004