UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK ULIANO | ) | |
| SOCIETE DE L'ASSURANCE | ) | |
| AUTOMOBILE DU QUEBEC, | ) | |
|    Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-CV-10797 GAO |
| | ) | |
| KENNETH TILDEN, | ) | |
| MARIE H. BISSELL | ) | |
|    Defendants | ) | |
| | ) | |

## COMPLAINT-IN-INTERVENTION

1.    The Societe de l'assurance automobile du Quebec (Societe) is an agency established by statute known as the Automobile Insurance Act (Act) in the province of Quebec, Canada which administers the no-fault automobile tort system. (Relevant portions of the Act are attached hereto as Exhibit A).

2.    Mark Uliano is a resident of Town of Verdun, Quebec, Canada.

3.    Kenneth Tilden is a resident of Boyton Beach, Florida.

4.    Marie H. Bissell is a resident of Canton, Massachusetts.

5.    On or about September 10, 2002, Mark Uliano was injured in an automobile accident at the intersection of Randolph Street and Wentworth Road in Canton, Massachusetts involving motor vehicles operated by the defendants Kenneth Tilden and Marie H. Bissell.

6.    As a result of the injuries sustained by Mark Uliano he was forced to seek medical treatment, he lost wages from being unable to work and he has suffered permanent injury which has left him disabled for the present and in the future.

7.    In accord with Section 7 of the Act the Societe provided payments for the medical bills of Mark Uliano, provided for his lost wages and made other payments for other compensation to him.

8.    The Societe, as of March 25, 2004, had paid $33,813.06 CND for the aforementioned compensation.

9.    The accident in which Mark Uliano was injured was the direct and proximate result of the negligence of either or both Kenneth Tilden and/or Marie H. Bissell.

10.    In accord with Section 83.60 of the Act, the Societe receives in subrogation the rights of Mark Uliano against Kenneth Tilden and/or Marie H. Bissell to the extent that the Societe has compensated third parties or him pursuant to the Act.

11.    Kenneth Tilden and Marie H. Bissell, either jointly or severally, owe the Societe $33,813.06 CND.

WHEREFORE, The Societe de l'assurance automobile du Quebec demands judgment against Kenneth Tilden and Marie H. Bissell, either jointly or severally as stated herein along with interest and costs of suit.

2

The Plaintiff,
By its attorney,

Elton Watkins III
225 Essex Street
Lawrence, MA 01840
978-686-9823
B.B.O. #517400

September 14, 2004

# CERTIFICATE OF SERVICE

I, Elton Watkins III, attorney for the plaintiffs, hereby certify the copy of the hereto attached **COMPLAINT-IN-INTERVENTION** this day has been served by first class mail upon the following:

David M. Cohen, Esq.
Bierhans, Delamere & Cohen LLC
Suite 204
294 Pleasant Street
Stoughton, MA 02072

Robert P. Turner, Esq.
Avery, Dooley, Post & Avery
90 Concord Avenue
Belmont, MA 02178-9107

James C. Crowley, Jr.
Fuller, Rosenberg, Palmer and Beliveau
340 Main Street
Suite 817
Worcester, MA 01608

_____
Elton Watkins III

September 14, 2004

# Automobile Insurance Act

**R.S.Q., chapter A-25**

Updated to 18 August 1998

**Last amendment : 1 July 1998**

## Québec ⠶

## PRESENTATION

This publication is based upon an excerpt from the **Revised Statutes of Québec** established by the Direction de la refonte des lois et des règlements as of 1 March 1997.

The amendments to this Act that were enacted after 1 March 1997 and which came into force before the date indicated on the cover page have been integrated. The editor has not taken into account the amendments which were enacted but were not in force at the time of the publication.

When a page bears a date at its foot, it means that it was taken, without modification, in the loose-leaf edition of the **Revised Statutes of Québec**. This date makes reference to the last updating of the page. The pages bearing no date at their foot are pages containing amendments enacted after 1 March 1997.

The reader should keep in mind that this publication has no official sanction, the only official texts being the ones that have appeared in the *Gazette officielle du Québec* or that were published by the Direction de la refonte des lois et des règlements.

**Amendments which came into force between 2 March 1997 and the date of this publication:**

| CHAPTER | TITLE | AMENDMENT | DATE OF COMING INTO FORCE |
|---|---|---|---|
| A-25 | Automobile insurance Act | 83.26 (am) 1997, c. 43, s. 39 | 1 April 98; (1997) G.O., 5681 |
| | | 83.28 (am) 1997, c. 63, s. 128 *(par 4)* | 25 juin 97 |
| | | 83.28 (am) 1997, c. 73, s. 89 | 1 July 98 |
| | | 83.31 (am) 1997, c. 43, s. 40 | 1 April 98; (1997) G.O., 5681 |
| | | 83.32 (am) 1997, c. 43, s. 41 | 1 April 98; (1997) G.O., 5681 |
| | | c IX (heading) (following s. 83.40) (am) 1997, c. 43, s. 42 | 1 April 98; (1997) G.O., 5681 |
| | | 83.41 (am) 1997, c. 43, s. 43 | 1 April 98; (1997) G.O., 5681 |
| | | 83.42 (rp) 1997, c. 43, s. 44 | 1 April 98; (1997) G.O., 5681 |
| | | 83.43 (am) 1997, c. 43, s. 45 | 1 April 98; (1997) G.O., 5681 |
| | | 83.44.1 (am) 1997, c. 43, s. 46 | 1 April 98; (1997) G.O., 5681 |
| | | Div II (heading) (preceding s. 83.45) (am) 1997, c. 43, s. 47 | 1 April 98; (1997) G.O., 5681 |
| | | 83.45 (am) 1997, c. 43, s. 48 | 1 April 98; (1997) G.O., 5681 |
| | | 83.47 (am) 1997, c. 43, s. 49 | 1 April 98; (1997) G.O., 5681 |
| | | 83.48 (am) 1997, c. 43, s. 50 | 1 April 98; (1997) G.O., 5681 |
| | | 83.49 (am) 1997, c. 43, s. 51 | 1 April 98; (1997) G.O., 5681 |

bec.

INTO FORCE

G.O., 5681
G.O., 5681
G.O., 5681
G.O., 5681
G.O., 5681

G.O., 5681

# TABLE OF CONTENTS

AUTOMOBILE INSURANCE ACT                                    section

**Title I**
Definitions                                                        1


**Title II**
Compensation for bodily injury                                     2


    **Chapter I**
    General provisions                                            2

        **Division I**
        Definitions and interpretation                            2

        **Division II**
        General rules                                             5


    **Chapter II**
    Income replacement indemnity and other indemnities           13

        **Division I**
        Entitlement to an indemnity                               13
        §1.- Victim holding full-time employment                   13
        §2.- Victim holding temporary or part-time employment      18
        §3.- Victim unemployed but able to work                    23
        §4.- Victim 16 years of age or over in full-time
            attendance at an educational institution               27
        §5.- Victim under sixteen years of age                     34
        §6.- Victim 64 years of age or over                        40
        §7.- Victim regularly unable to hold any employment        44

        **Division II**
        Determination of an employment for a victim               45

        **Division III**
        Cessation of entitlement to income replacement
        indemnity                                                 49

        **Division IV**
        Computation of indemnity                                   51


    **Chapter III**
    Death benefit                                                60

        **Division I**
        Interpretation and application                            60

|                                                                                                          | section |
|----------------------------------------------------------------------------------------------------------|---------|
| **Division II**<br>Indemnities to dependants                                                             | 63      |
| **Division III**<br>Special provision                                                                    | 72      |
| **Chapter IV**<br>Compensation for non-pecuniary damage                                                 | 73      |
| **Chapter V**<br>Reimbursement of certain expenses and rehabilitation                                   | 79      |
| **Division I**<br>Reimbursement of certain expenses                                                     | 79      |
| §1.- Personal assistance and care expenses                                                               | 79      |
| §2.- General expenses                                                                                    | 83.2    |
| **Division II**<br>Rehabilitation                                                                        | 83.7    |
| **Chapter VI**<br>Claims procedure                                                                       | 83.8    |
| **Chapter VII**<br>Payment of indemnities                                                               | 83.20   |
| **Chapter VIII**<br>Revalorization                                                                       | 83.33   |
| **Chapter IX**<br>Jurisdiction of the Société, review and proceeding<br>before the Administrative Tribunal of Québec | 83.41   |
| **Division I**<br>Jurisdiction of the Société                                                           | 83.41   |
| **Division II**<br>Review and proceeding before the Administrative<br>Tribunal of Québec               | 83.45   |
| **Chapter X**<br>Remedies                                                                                | 83.50   |
| **Division I**<br>Recovery of indemnities                                                               | 83.50   |

VI

section

**Division II**
Civil liability                                                                        83.57

**Division III**
Remedies under other plans                                                             83.63

**Title III**
Compensation for property damage — civil liability and
insurance scheme                                                                       84

    **Chapter I**
    Insurance scheme                                                 84

      **Division I**
      Compulsory insurance                                   84

      **Division II**
      Liability insurance contract                           85

      **Division III**
      Certificate of insurance and certificate of financial
      responsibility                                         96

    **Chapter II**
    Civil liability                                                  108

    **Chapter III**
    Compensation for property damage                                 115

**Title IV**
Indemnisation by the Société                                                           122

    **Chapter I**
    (Repealed)                                            122 to 141

    **Chapter II**
    Operation of the Société                                         141.1

    **Chapter III**
    Accidents having occurred before 1 March 1978                    149.1

**Title V**
Financial provisions                                                                   150

    **Chapter I**
    Financing of the Société                                         150

section

**Chapter II**
Payment into consolidated revenue fund                    155.1

**Chapter III**
Ambulance services                                        155.5

**Chapter IV**
Guarantee of revenue                                      155.7

**Title VI**
The Groupement des assureurs automobiles                  156

**Title VII**
Powers of the Inspector General of Financial Institutions
regarding statistics and rates                            177

**Title VIII**
Penal provisions and suspensions                          184

**Title IX**
Regulations                                               195

**Title X**
Transitional and final provisions                         198

page

Schedule 1                                                69

Schedule II                                               70

Schedule III                                              71

Index                                                     III

Interpretat
''accide
''automobi

''damage cause
an automobi

''lo
''owr

''public high\

''r

1 MARCH 1\

| CHAPTER | TITLE | AMENDMENT | DATE OF COMING INTO FORCE |
|---|---|---|---|
| A-25 | Automobile insurance Act *(cont'd)* | **83.50** (am) 1997, c. 43, s. 52 | 1 April 98; (1997) G.O., 5681 |
| | | **83.51** (am) 1997, c. 43, s. 53 | 1 April 98; (1997) G.O., 5681 |
| | | **83.55** (am) 1997, c. 43, s. 54 | 1 April 98; (1997) G.O., 5681 |
| | | **83.56** (am) 1997, c. 43, s. 55 | 1 April 98; (1997) G.O., 5681 |
| | | **83.67** (am) 1997, c. 43, s. 56 | 1 April 98; (1997) G.O., 5681 |
| | | **151** (am) 1996, c. 56, s. 145 | 1 December 97 |
| | | **151.2** (am) 1996, c. 56, s. 146 | 1 December 97 |
| | | **151.3** (am) 1996, c. 56, s. 147 | 1 December 97 |
| | | **155.5** (am) 1998, c. 39, s. 175 | 20 June 98 |
| | | **195** (am) 1997, c. 43, s. 57 | 1 April 98; (1997) G.O., 5681 |

**List of abbreviations:**

- add: added
- am: amended
- c: chapter
- div: division
- G.O.: *Gazette officielle*
- par: paragraph
- rp: replaced
- s: section

IV



**Chapter   A-25**

## AUTOMOBILE INSURANCE ACT

### TITLE I

### DEFINITIONS

*Title I of the Automobile Insurance Act (chapter A-25) in force on 31 December 1989 remains in force and continues to apply to persons who have suffered bodily injury before 1 January 1990. (1989, c. 15, s. 23).*

Interpretation.
*"accident"*:
*"automobile"*:

**1.** In this Act, unless otherwise indicated by the context,

"accident" means any event in which damage is caused by an automobile;

"automobile" means any vehicle propelled by any power other than muscular force and adapted for transportation on public highways but not on rails;

*"damage caused by an automobile"*:

"damage caused by an automobile" means any damage caused by an automobile, by the use thereof or by the load carried in or on an automobile, including damage caused by a trailer used with an automobile, but excluding damage caused by the autonomous act of an animal that is part of the load and injury or damage caused to a person or property by reason of an action performed by that person in connection with the maintenance, repair, alteration or improvement of an automobile;

*"load"*:
*"owner"*:

"load" means any property in, on, or transported by an automobile;

"owner" means a person who acquires or possesses an automobile under a title of ownership, under a title involving a condition or a term giving him the right to become the owner thereof, or under a title giving him the right to use it as the owner thereof charged to deliver over, and a person who leases an automobile for a period of not less than one year;

*"public highway"*:

"public highway" means that part of any land or structure which is intended for public automobile traffic, except any part of any land or structure which is mainly used by the following vehicles, as defined by regulation:

(1) farm tractors, farm trailers, specialized equipment or drawn machinery;

(2) snowmobiles;

(3) vehicles intended for use off a public highway;

*"theft"*:

"theft" refers to the offence described in section 322 of the Criminal Code (Revised Statutes of Canada, 1985, chapter C-46).

1977, c. 68, s. 1; 1980, c. 38, s. 1, s. 24; 1981, c. 7, s. 540; 1982, c. 59, s. 1; 1982, c. 52, s. 50, s. 51; 1982, c. 59, s. 68; 1986, c. 91, s. 661; 1989, c. 15, s. 1; 1991, c. 58, s. 1.

**1.1.** *(Replaced).*

1989, c. 15, s. 1.

AUTOMOBILE INSURANCE

## TITLE II

### COMPENSATION FOR BODILY INJURY

*Title II of the Automobile Insurance Act (chapter A-25) in force on 31 December 1989, except sections 29 and 45, remains in force and continues to apply to persons who have suffered bodily injury before 1 January 1990. (1989, c. 15, s. 23; 1995, c. 55, s. 7).*

No-fault

## CHAPTER I

### GENERAL PROVISIONS

## DIVISION I

### DEFINITIONS AND INTERPRETATION

Interpretation.    **2.**  In this title, unless otherwise indicated by the context,

"bodily injury".    "bodily injury" means any physical or mental injury, including death, suffered by a victim in an accident, and any damage to the clothing worn by a victim;

Residency in

"dependant".    "dependant" means

Residency in

(1) the spouse;

(2) the person who is separated from the victim *de facto* or legally, or whose marriage to the victim has been dissolved by a final judgment of divorce or declared null by a declaration of nullity of marriage and who is entitled to receive support from the victim by virtue of a judgment or agreement;

(3) a minor child of the victim and a minor person to whom the victim stands *in loco parentis*;

Regis

(4) a child of full age of the victim and a person of full age to whom the victim stands *in loco parentis*, provided that their basic needs and maintenance costs are borne by the victim to the extent of over 50 %;

(5) any other person related to the victim by blood or adoption and any other person who stands *in loco parentis* to the victim, provided that their basic needs and maintenance costs are borne by the victim to the extent of over 50 %;

Non-

"employment".    "employment" means any remunerative occupation;

"spouse".    "spouse" means the man or woman who is married to and living with the victim or who has been living in a *de facto* union with the victim and has been publicly represented as his spouse for at least three years or, in the following cases, for at least one year:

Resp

Compet

— a child has been born or is to be born of their union;

— they have adopted a child together; or

— one of them has adopted a child of the other.

1977, c. 68, s. 2; 1989, c. 15, s. 1; 1993, c. 56, s. 1.

**3.**  *(Repealed).*

1992, c. 57, s. 433.

Rc

Compensation.    **4.**  For the purposes of this title, compensation includes the reimbursement of the expenses referred to in Chapter V.

1977, c. 68, s. 4; 1985, c. 6, s. 485; 1989, c. 15, s. 1.

AUTOMOBILE INSURANCE

## DIVISION II

GENERAL RULES

*December 1989, except*
*...ons who have suffered*
*55, s. 7).*

No-fault system. **5.** Compensation under this title is granted by the Société de l'assurance automobile du Québec regardless of who is at fault.

1977, c. 68, s. 5; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

Victim.  **6.** Every person who suffers bodily injury in an accident is a victim.
Victim.  Unless the context indicates otherwise, every person who is entitled to a death benefit where the death of the victim results from the accident is also considered a victim for the purposes of this division.

1977, c. 68, s. 6; 1989, c. 15, s. 1.

t.
y, including death.
clothing worn by a

Residency in Québec.  **7.** Every victim resident in Québec and his dependants are entitled to compensation under this title, whether the accident occurs in Québec or outside Québec.

Residency in Québec.  Subject to paragraph 1 of section 195, a person resident in Québec is a person who lives in Québec and is ordinarily in Québec, and has the status of Canadian citizen, permanent resident or person having lawful permission to come into Québec as a visitor.

or legally, or whose
ment of divorce or
who is entitled to
or agreement;
o whom the victim

1977, c. 68, s. 7; 1989, c. 15, s. 1.

Registration in  **8.** Where an automobile registered in Québec is involved in an accident in
Québec.  Québec, the owner, the driver and the passengers are deemed to be resident in Québec.

ll age to whom the
ds maintenance

1977, c. 68, s. 8; 1989, c. 15, s. 1.

adoption and any
ded that their basic
xtent of over 50 %;

Non-residents.  **9.** Where the victim of an accident that occurs in Québec is not resident in Québec, he is entitled to compensation under this title but only to the extent that he is not responsible for the accident, unless otherwise agreed between the Société and the competent authorities of the place of residence of the victim.

and living with the
ictim and has been
or, in the following

Responsibility.  Subject to sections 108 to 114, responsibility is determined according to the ordinary rules of law.

ion;

Competent court.  Notwithstanding sections 83.45, 83.49 and 83.57, in case of disagreement between the Société and the victim with regard to his responsibility, the remedy of the victim against the Société in that respect is submitted to the competent court. The remedy must be exercised within 180 days of the decision as to responsibility rendered by the Société.

1977, c. 68, s. 9; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

Restrictions.  **10.** No person is entitled to compensation under this title in the following cases:

reimbursement of

(1) if the injury is caused, while the automobile is not in motion on a public highway, by, or by the use of, a device that can be operated independently, as defined by regulation, and that is incorporated with the automobile;

(2) if the accident in which an injury is caused by a farm tractor, a farm

## AUTOMOBILE INSURANCE

trailer, a specialized vehicle or drawn machinery, as defined by regulation, occurs off a public highway;

(3) if the injury is caused by a snowmobile or a vehicle intended for use off a public highway, as defined by regulation;

(4) if the accident occurs as a result of an automobile contest, show or race on a track or other location temporarily or permanently closed to all other automobile traffic, whether or not the automobile that causes the injury is participating in the race, the contest or the show.

**Responsibility.** In each case, subject to sections 108 to 114, responsibility is determined according to the ordinary rules of law.

**Restrictions.** However, in the cases described in subparagraphs 2 and 3 of the first paragraph, a victim is entitled to compensation if an automobile in motion, other than a vehicle mentioned in those subparagraphs, is involved in the accident.

1977, c. 68, s. 10; 1978, c. 57, s. 92; 1979, c. 63, s. 329; 1985, c. 6, s. 486; 1988, c. 51, s. 100; 1989, c. 15, s. 1.

**Prescription.** **11.** Entitlement to compensation under this title is prescribed by three years from the accident or the time the injury appears and, with regard to a death benefit, from the time of death.

**Extension.** The Société may grant an extension to an applicant who, owing to extraordinary circumstances, was unable to act within the prescribed time.

**Interruption of prescription.** An application for compensation filed in accordance with this title interrupts the prescription that applies pursuant to the Civil Code of Québec until a final decision is rendered.

1977, c. 68, s. 11; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

**11.1.** *(Replaced).*

1989, c. 15, s. 1.

**Transfer.** **12.** Any transfer of the right to an indemnity contemplated in this title is null by operation of law.

**Right of recovery.** Any person who transfers part of his indemnity pursuant to such an assignment has a right of recovery against the person receiving it.

1977, c. 68, s. 12; 1989, c. 15, s. 1; 1992, c. 57, s. 434.

**Impleading of Société.** **12.1.** The Société must be impleaded in any action where a determination is to be made as to whether the bodily injuries were caused by an automobile.

1993, c. 56, s. 2.



ined by regulation,

intended for use off

ontest, show or race
closed to all other
auses the injury is

bility is determined

and 3 of the first
omobile in motion,
is involved in the

i, c. 6, s. 486; 1988,

ibed by three years
i regard to a death

it who, owing to
prescribed time.
this title interrupts
Québec until a final

d in this title is null

suant to such an
iving it.

a determination is
by an automobile.

## CHAPTER II

INCOME REPLACEMENT INDEMNITY AND OTHER INDEMNITIES

## DIVISION I

ENTITLEMENT TO AN INDEMNITY

### §1.— *Victim holding full-time employment*

Victim under 16 years of age.

**13.** This subdivision does not apply to a victim under 16 years of age or to a victim 16 years of age or over attending a secondary or post-secondary educational institution on a full-time basis.

1977, c. 68, s. 13; 1989, c. 15, s. 24, s. 1.

Case 1:04-cv-10797-JGD    Document 10    Filed 09/16/2004    Page 17 of 28

**13.1.** *(Repealed).*

1989, c. 15, s. 24.

Income replacement.

**14.** A victim who, at the time of the accident, holds a regular employment on a full-time basis is entitled to an income replacement indemnity if, by reason of the accident, he is unable to hold his employment.

1977, c. 68, s. 14; 1989, c. 15, s. 1.

Indemnity.

**15.** The income replacement indemnity is computed in the following manner:

(1) if the victim holds an employment as a salaried worker, the indemnity is computed on the basis of the gross income he derives from his employment;

(2) if the victim is self-employed, the indemnity is computed on the basis of the gross income determined by regulation of the Société for an employment of the same class, or on the basis of the gross income he derives from his employment, if that is higher.

Additional indemnity.

A victim who, by reason of the accident, is deprived of unemployment insurance benefits or of allowances paid under the National Training Act (Revised Statutes of Canada, 1985, chapter N-19) to which he was entitled at the time of the accident is entitled to receive an additional indemnity computed on the basis of the benefits or allowances that would have been paid to him. These benefits or allowances are deemed to form part of his gross income.

1977, c. 68, s. 15; 1989, c. 15, s. 1; 1990, c. 19, s. 11; 1991, c. 58, s. 2.

Several employments.

**16.** A victim who, at the time of the accident, holds more than one regular employment including at least one full-time employment is entitled to an income replacement indemnity if, by reason of the accident, he is unable to hold one of these employments.

Computation.

The indemnity is computed, in accordance with the rules set out in section 15, on the basis of the gross income the victim derives from the employment he is unable to hold, or on the basis of the aggregate of the gross incomes he derives from the several employments he becomes unable to hold, where that is the case.

1977, c. 68, s. 16; 1982, c. 59, s. 4; 1989, c. 15, s. 1.

More remunerative employment.

**17.** A victim who proves that he would have held a more remunerative employment at the time of the accident but for special circumstances is entitled to receive an income replacement indemnity computed on the basis of the gross income he would have derived from that employment, provided he is unable to hold it by reason of the accident.

Compatibility with victim's abilities and training.

The employment must be a regular full-time employment that would have been compatible with the training, experience and physical and intellectual abilities of the victim on the date of the accident.

1977, c. 68, s. 17; 1982, c. 59, s. 5; 1989, c. 15, s. 1.

§2.— *Victim holding temporary or part-time employment*

**Victim under 16 years of age.**

**18.** This subdivision does not apply to a victim under 16 years of age or to a victim 16 years of age or over attending a secondary or post-secondary educational institution on a full-time basis.

1977, c. 68, s. 18; 1982, c. 59, s. 6; 1985, c. 6, s. 487; 1989, c. 15, s. 1.

**18.1-18.4.** *(Replaced).*

1989, c. 15, s. 1.

**Temporary or part-time employment.**

**19.** A victim who, at the time of the accident, holds a regular employment on a temporary or part-time basis is entitled to an income replacement indemnity for the first 180 days following the accident if, by reason of the accident, he is unable to hold his employment.

**Indemnity.**
During that period, the victim is entitled to the indemnity for such time as he remains unable, by reason of the accident, to hold that employment.

1977, c. 68, s. 19; 1989, c. 15, s. 1.

**Computation.**

**20.** The income replacement indemnity is computed in the following manner:
(1) if the victim holds an employment as a salaried worker, the indemnity is computed on the basis of the gross income he derives from his employment;
(2) if the victim is self-employed, the indemnity is computed on the basis of the gross income determined by regulation of the Société for an employment of the same class, or on the basis of the gross income he derives from his employment, if that is higher;
(3) if the victim holds more than one employment, the indemnity is computed on the basis of the gross income he derives from the employment or, where such is the case, the employments he becomes unable to hold.

**Additional indemnity.**
A victim who, by reason of the accident, is deprived of unemployment insurance benefits or of allowances paid under the National Training Act (Revised Statutes of Canada, 1985, chapter N-19) to which he was entitled at the time of the accident is entitled to receive an additional indemnity computed on the basis of the benefits or allowances that would have been paid to him. These benefits or allowances are deemed to form part of his gross income.

1977, c. 68, s. 20; 1982, c. 59, s. 7; 1989, c. 15, s. 1; 1990, c. 19, s. 11; 1991, c. 58, s. 3.

**Determination of employment.**

**21.** From the one hundred and eighty-first day after the accident, the Société shall determine an employment for the victim in accordance with section 45.

**Income replacement.**
The victim is entitled to an income replacement indemnity if, by reason of the accident, he is unable to hold the employment determined by the Société.

**Indemnity.**
The indemnity is computed on the basis of the gross income that the victim could have derived from the employment determined for him by the Société.

## AUTOMOBILE INSURANCE

The Société shall establish the gross income of the victim in the manner prescribed by regulation, taking into account

(1) the fact that the victim could have held the employment on a full-time or part-time basis;

(2) the work experience of the victim in the five years preceding the accident and, in particular, the periods during which he was fit to hold employment or was unemployed or held only temporary or part-time employment;

(3) the gross income the victim derived from an employment held before the accident.

**Several employments.** If the victim held more than one temporary or part-time employment at the time of the accident, the Société shall determine only one employment for him in accordance with section 45.

**Care expenses.** The first paragraph does not apply to a victim entitled to an indemnity for care expenses under section 80.

1977, c. 68, s. 21; 1982, c. 59, s. 8; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

**21.1-21.3.** *(Replaced).*

1989, c. 15, s. 1.

**Minimum.** **22.** The income replacement indemnity computed in accordance with section 21 shall not be less than the income replacement indemnity the victim was receiving, if such was the case, at the end of the one hundred and eightieth day after the accident.

1977, c. 68, s. 22; 1982, c. 59, s. 9; 1989, c. 15, s. 1.

§3.— *Victim unemployed but able to work*

**Victim under 16 years of age.** **23.** This subdivision does not apply to a victim under 16 years of age or to a victim 16 years of age or over attending a secondary or post-secondary educational institution on a full-time basis.

1977, c. 68, s. 23; 1989, c. 15, s. 1.

**Unemployed victim.** **24.** A victim who, at the time of the accident, is unemployed but able to work is entitled to an income replacement indemnity for the first 180 days following the accident if,

(1) by reason of the accident, he is unable to hold an employment that he would have held during that period had the accident not occurred;

(2) by reason of the accident, he is deprived of the unemployment insurance benefits or of allowances paid under the National Training Act (Revised Statutes of Canada, 1985, chapter N-19) to which he was entitled at the time of the accident.

**Indemnity.** The victim is entitled, during that period, to the indemnity, in the case described in subparagraph 1 of the first paragraph, for such time as the employment would have been available and for such time as he is unable to hold it by reason of the accident or, in the case described in subparagraph 2

## AUTOMOBILE INSURANCE

irst paragraph, the

e time referred to
he relapse were a

| Entitlement to compensation. | **62.** The death of a victim by reason of an accident gives entitlement to compensation under this chapter. |

1977, c. 68, s. 62; 1989, c. 15, s. 1.

### DIVISION II

### INDEMNITIES TO DEPENDANTS

first paragraph of
ther section 55 or

| Computation of indemnity to spouse. | **63.** The spouse of a victim on the date of the victim's death is entitled to a lump sum indemnity equal to the product obtained by multiplying the gross income that would have been used as the basis for computing the income replacement indemnity to which the victim would have been entitled if, on the date of his death, he had survived but had been unable to hold any employment by reason of the accident, by the factor appearing in Schedule I opposite the age of the victim on the date of his death. |

other than those
nity following a
t.
; to which he is

| Disabled spouse. | If the spouse is disabled on that date, the lump sum indemnity to which he is entitled is computed according to the factors appearing in Schedule II. |

1977, c. 68, s. 63; 1989, c. 15, s. 1; 1993, c. 56, s. 6.

| Minimum. | **64.** The amount of the lump sum indemnity payable under section 63 to the spouse of a deceased victim shall not be less than $40 000. |

1977, c. 68, s. 64; 1989, c. 15, s. 1.

| Indemnity to spouse. | **65.** The spouse of a victim on the date of the victim's death is entitled, where the victim would not have been entitled to an income replacement indemnity under section 63, to a lump sum indemnity of $40 000. |

1977, c. 68, s. 65; 1989, c. 15, s. 1; 1993, c. 56, s. 7.

stands *in loco*

| Other dependants. | **66.** The dependant of a victim on the date of the victim's death, other than his spouse, is entitled to a lump sum indemnity in the amount listed in Schedule III opposite the age of the dependant on that date. |

ical or mental

| Posthumous child. | For the purposes of this section, the posthumous child of the victim is considered a dependant under one year of age. |

a disability is
antially gainful
eath or to be of

1977, c. 68, s. 66; 1989, c. 15, s. 1; 1993, c. 56, s. 8.

| Disabled dependant. | **67.** If the dependant referred to in section 66 is disabled on the date of death of the victim, he is entitled to an additional lump sum indemnity of $16 500. |

1977, c. 68, s. 67; 1989, c. 15, s. 1.

d have been a
the time of the
the victim had

| Victim with a dependant and no spouse. | **68.** If the victim has no spouse on the date of his death but has a dependant as defined in paragraph 3 or 4 of the definition of the word "dependant" in section 2, the dependant is entitled, in addition to an indemnity under section 66 and, as the case may be, in addition to an indemnity under section 67, to a lump sum indemnity in an amount equal to the indemnity provided for by |

AUTOMOBILE INSURANCE

section 63, 64 or 65, as the case may be. If there is more than one dependant, the indemnity shall be divided equally among them.

1977, c. 68, s. 68; 1989, c. 15, s. 1; 1993, c. 56, s. 9.

**68.1.** *(Replaced).*

1989, c. 15, s. 1.

Mother and father.
**69.** If the victim is a minor and has no dependant on the date of his death, his mother and father are entitled to equal shares of a lump sum indemnity of $15 000.

Dead or ineligible parent.
If one of the parents has died, has been deprived of parental authority or has abandoned the victim, his share accrues to the other parent.

Payment to succession.
If the victim is of full age and has no dependant on the date of his death, the indemnity shall be paid to his succession except where the property accrues to the State.

1977, c. 68, s. 69; 1989, c. 15, s. 1; 1993, c. 56, s. 10.

Funeral expenses.
**70.** The succession of a victim is entitled to a lump sum indemnity of $3 000 for funeral expenses.

1977, c. 68, s. 70; 1981, c. 25, s. 12; 1982, c. 53, s. 57; 1986, c. 95, s. 16; 1987, c. 68, s. 17; 1989, c. 15, s. 1.

Periodic instalments.
**71.** The Société, on the application of a dependant entitled to an indemnity under this division, may pay the indemnity over a period not exceeding 20 years, in periodic instalments corresponding to a proportion of the value of the lump sum indemnity.

1977, c. 68, s. 71; 1986, c. 95, s. 17; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

*not in force*
**DIVISION III**
**SPECIAL PROVISION**

*not in force*
Life annuity.
**72.** The surviving spouse or the dependants of a deceased victim who are entitled on 31 December 1989 to a death benefit in the form of a life annuity may apply for its replacement by an amount of equivalent value computed according to the method prescribed by regulation. The amount is payable in periodic instalments according to the terms and conditions prescribed by regulation or in one payment.

1977, c. 68, s. 72; 1987, c. 68, s. 18; 1989, c. 15, s. 1.

**CHAPTER IV**
**COMPENSATION FOR NON-PECUNIARY DAMAGE**

Physical or mental impairment.
**73.** A victim who suffers permanent physical or mental impairment by reason of an accident is entitled, in accordance with the provisions of this

AUTOMOBILE INSURANCE

chapter, to a lump sum indemnity not exceeding the amount of $75 000 for non-pecuniary damage.

*Increases.*    The maximum amount shall be increased to $100 000 from 1 January 1991 and $125 000 from 1 January 1992, and shall be revalorized on 1 January of each subsequent year in accordance with section 83.34.

1977, c. 68, s. 73; 1987, c. 68, s. 19; 1989, c. 15, s. 1.

*Permanent impairment.*    **74.** For the purposes of this chapter, a permanent anatomicophysiological deficit or permanent disfigurement constitutes a permanent impairment.

1977, c. 68, s. 74; 1981, c. 12, s. 44; 1982, c. 53, s. 57; 1988, c. 51, s. 101; 1989, c. 15, s. 1.

*Restriction.*    **75.** Compensation for non-pecuniary damage is not payable if the victim dies by reason of the accident.

*Payment to succession.*    Notwithstanding the first paragraph, if the victim dies of a cause unrelated to the accident and if, on the date of his death, a permanent impairment was medically discernable, the Société shall estimate the amount of compensation that it would probably have awarded to the victim and pay that amount to his succession.

1977, c. 68, s. 75; 1982, c. 59, s. 29; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

*Schedule of impairments.*    **76.** The Société shall evaluate the impairment in terms of a percentage determined on the basis of the schedule of permanent impairments established by regulation. The percentage shall include the loss of enjoyment of life and other unfavourable consequences of the impairment and shall not exceed 100 %.

*Similar impairments.*    If an impairment is not listed in the schedule, a percentage shall be determined for it, using as guidelines the impairments of the same kind that are listed.

1977, c. 68, s. 76; 1982, c. 59, s. 29; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

*Computation of indemnity.*    **77.** The lump sum indemnity is an amount equal to the product obtained by multiplying the maximum amount applicable pursuant to section 73 at the time of the accident and revalorized in accordance with section 83.34, on the date on which the Société renders its decision in first instance on the right to the indemnity, by the percentage determined for the impairment.

1977, c. 68, s. 77; 1982, c. 59, s. 29; 1989, c. 15, s. 1; 1993, c. 56, s. 11.

*Minimum.*    **78.** Compensation for non-pecuniary damage shall not be less than $500.

1977, c. 68, s. 78; 1982, c. 59, s. 29; 1989, c. 15, s. 1.

AUTOMOBILE INSURANCE

## CHAPTER V

REIMBURSEMENT OF CERTAIN EXPENSES AND REHABILITATION

## DIVISION I

REIMBURSEMENT OF CERTAIN EXPENSES

§1.— *Personal assistance and care expenses*

Home assistance. **79.** Where, by reason of the accident, a victim's physical or mental condition warrants the continual attendance of another person or renders him unable to care for himself or perform, without assistance, the essential activities of every day life, he is entitled to the reimbursement of expenses incurred for personal home assistance.

Vouchers. Expenses are reimbursed on presentation of vouchers and according to the standards, conditions and maximum amounts prescribed by regulation. However, no reimbursement may exceed $555 per week.

Weekly allowance. In the cases prescribed by regulation, the Société may replace the reimbursement of expenses by an equivalent weekly allowance.

1977, c. 68, s. 79; 1982, c. 59, s. 29; 1989, c. 15, s. 1; 1991, c. 58, s. 14.

Child care expenses. **80.** Subject to section 80.1, a victim holding a part-time employment or an unemployed victim whose main occupation consists, on the date of the accident and for no remuneration, in taking care of a child under 16 years of age or of a person who, for any reason whatever, is ordinarily unable to hold any employment is entitled to an indemnity for care expenses.

Amount of indemnity. The indemnity shall be a weekly payment in the amount of
(1) $250 where the victim has the care of a person contemplated in the first paragraph;
(2) $280 where the victim has the care of two persons contemplated in the first paragraph;
(3) $310 where the victim has the care of three persons contemplated in the first paragraph;
(4) $340 where the victim has the care of four or more persons contemplated in the first paragraph.

Duration. The victim shall receive the indemnity for a long as he is unable to care for the person contemplated in the first paragraph.

Adjustment of indemnity. During such time as the victim is so unable, the indemnity shall be adjusted, in the cases and on the conditions prescribed by regulation, according to any variation in the number of persons contemplated in the first paragraph.

Effect. The adjustment or cessation of payment of the indemnity shall take effect at the end of the week during which the number of persons varied or the victim ceased to be so unable, as the case may be.

1977, c. 68, s. 80; 1982, c. 59, s. 30; 1989, c. 15, s. 1; 1991, c. 58, s. 15.

Income replacement indemnity. **80.1.** If, by reason of full-time or temporary employment the victim would have held, section 80 and subparagraph 1 of section 24 apply, the victim cannot receive both indemnities but shall receive the income replacement indemnity for as long as the situation prevails.

AUTOMOBILE INSURANCE

) REHABILITATION

| Provisions applicable. | However, during that period, section 83 applies to the victim on the conditions set forth therein. |

1991, c. 58, s. 16.

**81.** *(Repealed).*

1991, c. 58, s. 17.

| Single indemnities. | **82.** From the one hundred and eighty-first day following his accident, the victim contemplated in section 80 may, at any time he considers appropriate, elect one of the following indemnities: |

(1) the same indemnity as he is already receiving under section 80;

(2) an income replacement indemnity granted under section 26 to an unemployed victim who is able to work.

| Assistance and information. | The Société shall, before the one hundred and eighty-first day following the accident, provide the victim with the assistance and information necessary to make an enlightened choice. |

1977, c. 68, s. 82; 1982, c. 59, s. 30; 1989, c. 15, s. 1; 1990, c. 19, s. 11.

| Reimbursement of care expenses. | **83.** A victim who becomes unable to care for a child under 16 years of age or for a person ordinarily unable, for any reason whatever, to hold any employment is entitled to the reimbursement of expenses incurred by reason of the accident in order to pay the cost of such care, provided that he also, on the date of the accident, |

(1) holds a regular full-time employment or temporary employment;

(1.1) holds more than one regular part-time employment for at least 28 hours a week;

(2) is 16 years of age or over and attends an educational institution on a full-time basis;

(3) holds a regular part-time employment and subsequently elects the income replacement indemnity provided for in subparagraph 2 of the first paragraph of section 82; or

(4) holds no employment, yet is able to work, and subsequently elects the income replacement indemnity provided for in subparagraph 2 of the first paragraph of section 82.

| Vouchers and maximum. | The expenses shall be reimbursed on a weekly basis on presentation of vouchers, up to the amount of |

(1) $75 where the victim has the care of one person contemplated in the first paragraph;

(2) $100 where the victim has the care of two persons contemplated in the first paragraph;

(3) $125 where the victim has the care of three persons contemplated in the first paragraph;

(4) $150 where the victim has the care of four or more persons contemplated in the first paragraph.

| Duration. | The expenses shall be reimbursed for such time as the victim remains unable to care for the person contemplated in the first paragraph. |

| Adjustments of reimbursement. | For such time as the victim is so unable, the reimbursement of expenses shall be adjusted, in the cases and on the conditions prescribed by regulation, |

## AUTOMOBILE INSURANCE

according to any variation in the number of persons contemplated in the first paragraph.

**Spouse unable to care for dependants.** However, where the victim has a spouse, the victim cannot receive the reimbursement of his expenses unless his spouse, by reason of illness, disability or absence for the purposes of work or studies is also unable to care for the person contemplated in the first paragraph.

1977, c. 68, s. 83; 1982, c. 59, s. 30; 1989, c. 15, s. 1; 1991, c. 58, s. 18.

**Family enterprise.** **83.1.** A victim working at the time of the accident without pay in a family enterprise who is unable to perform his regular duties by reason of the accident is entitled to the reimbursement of his expenses during the 180 days after the accident to cover the cost of manpower required to perform those duties in his place.

**Maximum and vouchers.** Such expenses of up to $500 weekly shall be reimbursed on the presentation of vouchers.

1989, c. 15, s. 1.

### §2. — General expenses

**Various expenses.** **83.2.** A victim is entitled, in the cases and on the conditions prescribed by regulation, to the extent that they are not already covered by a social security scheme, to the reimbursement of his expenses incurred by reason of the accident

(1) for medical and paramedical care;

(2) for transportation and lodging for the purpose of receiving such care;

(3) for the purchase of prostheses or orthopedic devices;

(4) for the cleaning, repair or replacement of clothing he was wearing and which was damaged.

**Other expenses.** The victim is also entitled, in the cases and on the conditions prescribed by regulation, to the reimbursement of any other expenses determined by regulation of the Société.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

**Reimbursement to other person.** **83.3.** A person who pays any of the expenses referred to in section 83.2 on behalf of a victim is entitled to the reimbursement of the expenses as provided in that section.

1989, c. 15, s. 1.

**Social security scheme.** **83.4.** No social security scheme may exclude expenses incurred by or on behalf of a victim from its coverage.

1989, c. 15, s. 1.

**Accompanying person.** **83.5.** The person who accompanies or must constantly attend a victim whose physical or mental condition or age so requires when the victim is receiving medical or paramedical care is entitled, in the cases and on the

nplated in the first

:annot receive the
>f illness, disability
ble to care for the

)1, c. 58, s. 18.

·ut pay in a family
son of the accident
180 days after the
those duties in his

in the presentation

conditions prescribed by regulation, to an availability allowance and to the reimbursement of the transportation and lodging expenses he incurs.

1989, c. 15, s. 1.

Vouchers. **83.6.** The expenses contemplated in this subdivision shall be reimbursed on the presentation of vouchers.

1989, c. 15, s. 1.

## DIVISION II
## REHABILITATION

Rehabilitation. **83.7.** The Société may take any necessary measures to contribute to the rehabilitation of a victim, to lessen or cure any disability resulting from bodily injury and to facilitate his return to a normal life or his reintegration into society or the labour market.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

## CHAPTER VI
## CLAIMS'PROCEDURE

ons prescribed by
y a social security
by reason of the

eiving such care;

was wearing and

ons prescribed by
s determined by

Health professional. **83.8.** For the purposes of this chapter, a person designated as a health professional within the meaning of the Health Insurance Act (chapter A-29) is a health professional.

1989, c. 15, s. 1.

Application for compensation. **83.9.** A person applying to the Société for compensation must do so on a form provided by the Société and in accordance with the rules it determines by regulation.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

in section 83.2 on
enses as provided

Attestation of salary. **83.10.** Every employer shall, at the request of the Société, furnish to it within the following six days an attestation of the salary of any of his employees who applies to the Société for compensation.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

ncurred by or on

Medical examination. **83.11.** A person who applies for compensation shall, at the request of the Société and at its expense, undergo an examination to be administered by the health professional of his choice.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

attend a victim
1en the victim is
:ases and on the

Medical examination. **83.12.** The Société, where it considers it necessary, may, at its own expense, require a person to be examined by a health professional.

## AUTOMOBILE INSURANCE

| | |
|---|---|
| Rules for examination. | The examination must be conducted in accordance with the rules determined by regulation of the Société. |

1989, c. 15, s. 1; 1990, c. 19, s. 11.

**83.13.** Transportation and lodging expenses. A person who undergoes the examination referred to in section 83.11 or 83.12 is entitled to the reimbursement of the transportation and lodging expenses incurred in connection with the examination.

Availability allowance. The person who accompanies a victim whose physical or mental condition or age requires that he be accompanied is entitled, in the cases and on the conditions prescribed by regulation, to an availability allowance and to the reimbursement of the transportation and lodging expenses incurred by him.

1989, c. 15, s. 1.

**83.14.** Report of examination. The health professional who examines a victim at the request of the Société shall make a report to the Société on the condition of the victim and on any other matter for which the examination was required.

Transmission of copy. The Société shall, on receiving the report, transmit a copy to any health professional designated by the person who underwent the examination referred to in the first paragraph.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

**83.15.** Report to the Société. Every institution within the meaning of the Act respecting health services and social services (chapter S-4.2) or within the meaning of the Act respecting health services and social services for Cree Native persons (chapter S-5) and every health professional having treated a person or having been consulted by a person following an accident shall, at the request of the Société, make a report of its or his findings, treatment and recommendations to the Société.

Time limit. The report must be transmitted within six days following the request of the Société.

Other reports. Any other report required by the Société in respect of that person must be transmitted within the same time limit.

1989, c. 15, s. 1; 1990, c. 19, s. 11; 1992, c. 21, s. 88, s. 375; 1994, c. 23, s. 23.

**83.16.** Change in situation. Every person who applies for compensation must notify the Société without delay of any change in his situation affecting his right to an indemnity or which may affect the amount of such indemnity.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

**83.17.** Relevant information. A person must furnish to the Société any relevant information required for the purposes of this Act or give the authorizations that are necessary to obtain it.

Proof of entitlement. A person must furnish to the Société the proof of any fact establishing his entitlement to compensation.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

Magnetic or electronic communication.

Certified transcription.

Proof of contents.

Pension.

Seventh day

Payment

Payment

Paymen

Payment befo decisio

Amount n recoverab

Single payme

AUTOMOBILE INSURANCE

| | |
|---|---|
| was caused by an<br>the compensation<br>and occupational<br>ıip (chapter C-20)<br>ın lieu of all rights<br>ɔn in that respect | |

**Private insurance scheme.**    **83.58.** Nothing in this division limits the right of a person to claim an indemnity under a private insurance scheme, regardless of who is at fault.

1989, c. 15, s. 1.

**Accident outside Québec.**    **83.59.** A person entitled to compensation under this title by reason of an accident that occurred outside Québec may benefit by the compensation while retaining his remedy with regard to any compensation in excess thereof under the law of the place where the accident occurred.

**Remedy pursued by the Société.**    No person who exercises such remedy may, unless authorized by the Société, prevent the Société from exercising its remedy as subrogee pursuant to section 83.60. The Société is released from its obligation toward a person who prevents it from exercising that remedy.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

**Accident outside Québec.**    **83.60.** Notwithstanding section 83.57, where the Société compensates a person by reason of an accident that occurred outside Québec, it is subrogated to the person's rights and is entitled to recover the indemnities and the capital representing the pensions that the Société is required to pay from any person not resident in Québec who, under the law of the place where the accident occurred, is responsible for the accident and from any person liable for compensation for bodily injury caused in the accident by such non-resident.

**Subrogation.**    The subrogation is effected of right by the decision of the Société to compensate the victim.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

**Accident in Québec.**    **83.61.** Notwithstanding section 83.57, where the Société compensates a person by reason of an accident that occurred in Québec, it is subrogated to the person's rights and is entitled to recover the indemnities and the capital value of the pensions that the Société is required to pay from any person not resident in Québec who is responsible for the accident to the extent that he is responsible therefor and from any person liable for compensation for bodily injury caused in the accident by such non-resident.

**Subrogation.**    The subrogation is effected of right by the decision of the Société to compensate the victim.

**Prescription.**    The remedy of the Société as subrogee is subject to decision of the court and is prescribed by three years from the date of the decision.

**Determination of responsibility.**    Responsibility is determined according to the ordinary rules of law to the extent that sections 108 to 114 do not derogate therefrom.

1989, c. 15, s. 1; 1990, c. 19, s. 11.

**Subrogated bodies.**    **83.62.** Notwithstanding section 83.57, where, following an accident, the following bodies are subrogated to the rights of a person under the Acts hereinafter mentioned, they shall have the same remedies as the Société to recover their claim from the person not resident in Québec who is responsible for the accident or from the person liable for compensation for bodily injury caused in the accident by that person:

(1) the Commission de la santé et de la sécurité du travail and, as the case