UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

```
_____
                              )
MARK ULIANO,                  )
     Plaintiff                )
                              )
vs.                           )    C.A. NO. 04 10797-GA0
                              )
MARIE H. BISSELL and          )
KENNETH J. TILDEN,            )
     Defendants               )
                              )
_____)
```

**MOTION TO REOPEN CASE**

**REQUEST FOR ORAL ARGUMENT**

Now comes Bruce A. Bierhans, Esq., managing partner of Bierhans, Delamere & Cohen, LLC, and moves that the within case be reopened for the following reasons:

a.   In support of this Motion, Attorney Bierhans incorporates by reference, in their entirety, the previously filed Affidavit in Support of Notice of Attorneys Liens and Supplementary Affidavit. Reference shall be made herein to exhibits contained those documents.

b.   According to the case docket (Exhibit A), a Stipulation of Dismissal was entered by the Court on February 13, 2006.

c.   However, on February 7, 2006, prior to the entry of the Stipulation of Dismissal, a Notice of Attorneys Lien was filed by the undersigned.

  d. Further, as noted in the previously filed Affidavit, it appears that Attorney Delamere filed a Stipulation of Dismissal on January 19, 2006, at a time when he and Attorney Cohen were attempting to have settlement proceeds, including the Uliano proceeds, forwarded to another firm at a different address (Affidavit para. 23 - 25 and Exhibits E, F and G)[1].

  e. Also, as indicated in the Affidavit, I had been informed by a paralegal at the office of Avery, Dooley, Post & Avery, that Attorney Delamere had, in fact, forwarded correspondence asking that the Uliano settlement proceeds be forwarded to him at another address (Affidavit para. 27).

  f. In addition, it has been a long standing policy of Bierhans, Delamere & Cohen, LLC, that Stipulations of Dismissal, if executed, are held in escrow by defense counsel pending actual receipt of settlement proceeds.

  g. It has also recently been learned that, even though the Uliano case was arbitrated in December 2005, and an award received by Attorney Delamere in early January 2006; on January 23, 2006, Attorney Delamere forwarded a Letter of Direction to Mr. Uliano.  On January 20, 2006, I had previously instructed Attorney Delamere by email, that I would not execute such a letter.  Regardless, he forwarded the letter, and signed my name, without my authorization (Exhibit "B")

---

[1] As noted in the Supplementary Affidavit, an escrow of the Uliano proceeds has since been agreed to by the parties.

MAR-07-2006 TUE 11:17 AM BRUCE A BIERHANS PC        FAX NO. 7812977427                P. 05

h.   Notwithstanding the above, this Motion does <u>not</u> seek to vacate the Stipulation of Dismissal, but merely requests that the case be reopened for the sole purpose of allocating attorneys fees in accordance with the accompanying <u>Motion to Assess Attorneys Fees</u>.

In accordance with United States District Court Local Rule 7.1 (D) the Petitioner requests Oral Argument in this matter.

*[signature]*

Bruce A. Bierhans, Esq.
BBO#042630
Bierhans, Delamere & Cohen, LLC
294 Pleasant Street
Suite 204
Stoughton, MA   02072
781-297-0005 phone
781-297-7427 fax

Dated: 3/7/2006

### Certificate of Service

I, Bruce A. Bierhans, Esq., do hereby certify that on the above date I caused the within document to be served upon the Defendant's, mailing a copy of same, first class mail, postage prepaid, to counsel of record for all parties.

*[signature]*

Bruce A. Bierhans